IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | No. 10-03029-01/02-CR-S-GAF |
| | ) | |
| Plaintiff, | ) | **COUNT ONE:** |
| | ) | (COONCE AND HALL) |
| v. | ) | 18 U.S.C. § 1111 |
| | ) | NLT Life Imprisonment |
| **WESLEY PAUL COONCE, JR.,** | ) | NMT Death |
| [DOB: 4-17-80] | ) | NMT $250,000 Fine |
| | ) | Class A Felony |
| and | ) | |
| | ) | **COUNT TWO:** |
| **CHARLES MICHAEL HALL,** | ) | (COONCE) |
| [DOB: 4-6-71] | ) | 18 U.S.C. § 1118 |
| | ) | NLT Life Imprisonment |
| Defendants. | ) | NMT Death |
| | ) | NMT $250,000 Fine |
| | ) | Class A Felony |
| | ) | |
| | ) | $100 Mandatory Special Assessment |
| | ) | Both Counts |

**S U P E R S E D I N G   I N D I C T M E N T**

**THE GRAND JURY CHARGES THAT:**

**COUNT ONE**

1. On or about January 26, 2010, in the Western District of Missouri, the defendants **WESLEY PAUL COONCE, JR.** and **CHARLES MICHAEL HALL**, aiding and abetting each other, on the premises of the United States Medical Center for Federal Prisoners in Springfield, Missouri, a place within the special maritime and territorial jurisdiction of the United States as defined in Title 18, United States Code, Section 7(3), did, with malice aforethought, willfully, deliberately, maliciously and with premeditation, unlawfully kill Victor Castro-Rodriguez, in violation of Title 18, United States Code, Sections 1111 and 2.

## NOTICE OF SPECIAL FINDINGS - WESLEY PAUL COONCE, JR.

2. The Grand Jury incorporates by reference and re-alleges the allegations described in paragraph 1 above and makes the following special findings.

**A. Statutory Factors Enumerated under Title 18, U.S.C., Section 3591**

i. Defendant Coonce was 18 years of age or older at the time of the offense [18 U.S.C. § 3591(a)];

ii. Defendant Coonce intentionally killed Victor Castro-Rodriguez [18 U.S.C. § 3591(a)(2)(A)];

iii. Defendant Coonce intentionally inflicted serious bodily injury that resulted in the death of Victor Castro-Rodriguez [18 U.S.C. § 3591(a)(2)(B)];

iv. Defendant Coonce intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and Victor Castro-Rodriguez died as a direct result of the act [18 U.S.C. § 3591(a)(2)(C)];

v. Defendant Coonce intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Victor Castro-Rodriguez died as a direct result of the act [18 U.S.C. § 3591(a)(2)(D)].

**B. Statutory Factors Enumerated under Title 18, U.S.C., Section 3592(c)**

i. The death or injuries resulting in death, occurred during the commission or attempted commission, of an offense under 18 U.S.C., § 1118 (murder by prisoner serving life term) [18 U.S.C. § 3592(c)(1)];

ii. Defendant Coonce has previously been convicted of 2 or more Federal or State offenses punishable by a term of imprisonment of more than 1 year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person [18 U.S.C. § 3592(c)(4)];

iii. Defendant Coonce committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to Victor Castro-Rodriguez [18 U.S.C. § 3592(c)(6)];

iv. Defendant Coonce committed the offense after substantial planning and premeditation to cause the death of Victor Castro-Rodriguez [18 U.S.C. § 3592(c)(9)];

v. The victim, Victor Castro-Rodriguez, was particularly vulnerable due to infirmity, in this case, mental illness [18 U.S.C. § 3592(c)(11)].

## NOTICE OF SPECIAL FINDINGS - CHARLES MICHAEL HALL

3. The Grand Jury incorporates by reference and re-alleges the allegations described in paragraph 1 above and makes the following special findings.

**A. Statutory Factors Enumerated under Title 18, U.S.C., Section 3591**

i. Defendant Hall was 18 years of age or older at the time of the offense [18 U.S.C. § 3591(a)];

ii. Defendant Hall intentionally killed Victor Castro-Rodriguez [18 U.S.C. § 3591(a)(2)(A)];

iii. Defendant Hall intentionally inflicted serious bodily injury that resulted in the death of Victor Castro-Rodriguez [18 U.S.C. § 3591(a)(2)(B)];

iv. Defendant Hall intentionally participated in an act, contemplating that the life of a

person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and Victor Castro-Rodriguez died as a direct result of the act [18 U.S.C. § 3591(a)(2)(C)];

  v. Defendant Hall intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Victor Castro-Rodriguez died as a direct result of the act [18 U.S.C. § 3591(a)(2)(D)].

### B. Statutory Factors Enumerated under Title 18 U.S.C., Section 3592(c)

  i. The death or injury resulting in death, occurred during the commission or attempted commission, of an offense under 18 U.S.C., § 1118 (murder by prisoner serving life term) [18 U.S.C. § 3592(c)(1)];

  ii. Defendant Hall committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to Victor Castro-Rodriguez [18 U.S.C. § 3592(c)(6)];

  iii. Defendant Hall committed the offense after substantial planning and premeditation to cause the death of Victor Castro-Rodriguez [18 U.S.C. § 3592(c)(9)];

  iv. The victim, Victor Castro-Rodriguez, was particularly vulnerable due to infirmity, in this case, mental illness [18 U.S.C. § 3592(c)(11)].

### COUNT TWO

4. On or about January 26, 2010, in the Western District of Missouri, the defendant WESLEY PAUL COONCE, JR., who was, at the time of this offense, a person confined to a Federal corrections institution, namely the United States Medical Center for Federal Prisoners in

Springfield, Missouri, while serving under a sentence for a term of life imprisonment, did, with malice aforethought, willfully, deliberately, maliciously and with premeditation, unlawfully kill Victor Castro-Rodriguez, in violation of Title 18, United States Code, Sections 1118 and 2.

## NOTICE OF SPECIAL FINDINGS - WESLEY PAUL COONCE, JR.

5. The Grand Jury incorporates by reference and re-alleges the allegations described in paragraph 4 above and makes the following special findings.

### A. Statutory Factors Enumerated under Title 18, U.S.C., Section 3591

i. Defendant Coonce was 18 years of age or older at the time of the offense [18 U.S.C. § 3591(a)];

ii. Defendant Coonce intentionally killed Victor Castro-Rodriguez [18 U.S.C. § 3591(a)(2)(A)];

iii. Defendant Coonce intentionally inflicted serious bodily injury that resulted in the death of Victor Castro-Rodriguez [18 U.S.C. § 3591(a)(2)(B)];

iv. Defendant Coonce intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and Victor Castro-Rodriguez died as a direct result of the act [18 U.S.C. § 3591(a)(2)(C)];

v. Defendant Coonce intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Victor Castro-Rodriguez died as a direct result of the act [18 U.S.C. § 3591(a)(2)(D)].

### B. Statutory Factors Enumerated under Title 18, U.S.C., Section 3592(c)

i. The death or injuries resulting in death, occurred during the commission or attempted commission, of an offense under 18 U.S.C., § 1118 (murder by prisoner serving life term) [18 U.S.C. § 3592(c)(1)];

ii. Defendant Coonce has previously been convicted of 2 or more Federal or State offenses punishable by a term of imprisonment of more than 1 year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person [18 U.S.C. § 3592(c)(4)];

iii. Defendant Coonce committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to Victor Castro-Rodriguez [18 U.S.C. § 3592(c)(6)];

iv. Defendant Coonce committed the offense after substantial planning and premeditation to cause the death of Victor Castro-Rodriguez [18 U.S.C. § 3592(c)(9)];

v. The victim, Victor Castro-Rodriguez, was particularly vulnerable due to infirmity, in this case, mental illness [18 U.S.C. § 3592(c)(11)].

A TRUE BILL

/s/
**FOREPERSON OF THE GRAND JURY**

/s/ Randall D. Eggert
**RANDALL D. EGGERT**, Bar #39404
Assistant United States Attorney