IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-03029-01/02-CR-S-GAF |
| | ) | |
| | ) | |
| **WESLEY PAUL COONCE, Jr.**, | ) | |
| [DOB: 4-17-80] | ) | |
| | ) | |
| **CHARLES MICHAEL HALL**, | ) | |
| [DOB: 4-6-71] | ) | |
| | ) | |
| Defendants. | ) | |

### *NOTICE OF INTENT TO SEEK DEATH PENALTY*

Comes now the United States of America, by Beth Phillips, United States Attorney for the Western District of Missouri, and the undersigned Assistant United States Attorney, and pursuant to Title 18, United States Code, Section 3593(a), notifies the Court and the defendants, **WESLEY PAUL COONCE, JR.**, and **CHARLES MICHAEL HALL**, that in the event both or either of the defendants **WESLEY PAUL COONCE, JR.**, and **CHARLES MICHAEL HALL** are convicted of intentionally killing Victor Castro-Rodriguez, as alleged in Count One of the Indictment, or if defendant **WESLEY PAUL COONCE, JR.** is convicted of murder by a Federal prisoner serving a life sentence as alleged in Count Two of the Indictment, the government believes a sentence of death is justified, and the government will seek a sentence of death.

1. As to defendant, **WESLEY PAUL COONCE, JR.**, if the defendant is convicted of either Counts One or Two, or both, the government will seek to prove the following factors as

the basis for imposition of the death penalty.

A.   **Statutory Proportional Factors Enumerated Pursuant to Title 18 U.S.C., Section 3591(a)(2)(A)-(D)**

    i.    Was more than 18 years of age at the time of this offense [18 U.S.C. § 3591(a)];

    ii.    Intentionally killed Victor Castro-Rodriguez [18 U.S.C. § 3591(a)(2)(A)];

    iii.    Intentionally inflicted serious bodily injury which resulted in the death of Victor Castro-Rodriguez [18 U.S.C. § 3591(a)(2)(B)];

    iv.    Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and Victor Castro-Rodriguez died as a result of the act [18 U.S.C. § 3591(a)(2)(C)];

    v.    Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than a participant of the offense, such that participation in the act constituted a reckless disregard for human life and Victor Castro-Rodriguez died as a direct result of the act [18 U.S.C. § 3591(a)(2)(D)].

B.   **Statutory Aggravating Factors Enumerated Pursuant to Title 18, United States Code, Sections 3592(c)(1) through (16)**

    i.    Caused death of Victor Castro-Rodriguez during the commission of another crime, specifically 18 U.S.C., § 1118 (murder by prisoner serving life term) [18 U.S.C. § 3592(c)(1)];

    ii.    Was previously convicted of 2 or more Federal or State offenses punishable by a term of imprisonment of more than 1 year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person, which are:

    a. Kidnaping and Car Jacking, United States District Court for the Northern District of Texas, Case No. 02-058-Y(01), date of conviction September 16, 2002;

    b. Assault on a Public Servant, 235th District Court of Cooke County, Gainesville, Texas, Case No. 98-024, date of conviction, March 27, 1998.

    [18 U.S.C. § 3592(c)(4)];

    iii.    Committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to Victor Castro-Rodriguez [18

U.S.C. § 3592(c)(6)];

iv. Committed the offense after substantial planning and premeditation to cause the death of Victor Castro-Rodriguez [18 U.S.C. § 3592(c)(9)];

v. Committed offense where Victor Castro-Rodriguez was particularly vulnerable due to infirmity, in this case, mental illness [18 U.S.C. § 3592(c)(11)].

**C. Other, Non-Statutory Aggravating Factors Enumerated Pursuant to Title 18, United States Code, Sections 3593(a)(2)**

i. Future dangerousness based upon the probability that defendant Wesley Paul Coonce, Jr., would commit criminal acts of violence that would constitute a continuing threat to the lives and safety of others. In addition to the capital offenses charged in the Indictment and the statutory and non-statutory aggravating factors alleged in this Notice, Welsey Paul Coonce, Jr. has engaged in a continuing pattern of violent conduct, has threatened others with violence, has demonstrated lack of remorse, and/or has demonstrated a low rehabilitative potential, including but not limited to one or more of the following:

   a. In approximately March 2001, Coonce was charged in Tarrant County, Texas with Assault with Injury against a Child. The basis for the charge was that Coonce attempted to drag a 13 year-old female into his house. During the assault, Coonce tore the front of the 13 year-old's shirt. The female kicked Coonce and screamed. Coonce then hit the girl in her mouth. Coonce then ran back to his house, but told the girl before he did that if she told anyone what had happened, he would kill her;

   b. In approximately August 2001, Coonce was charged with assault for an attack on his former girlfriend and her new boyfriend. During the attack that was the basis of the assault charge, Coonce told his former girlfriend that "I'm going to kill you and your family;"

   c. In approximately 2002, while Coonce was being housed as a federal prisoner at the United States Bureau of Prisons Center in Beaumont, Texas, a prison tower guard observed Coonce and another inmate assault an inmate on the prison compound by hitting him with closed fists in the head area and kicking and "stomping" him with their boots in the head and abdominal area once the inmate fell down. There was also a homemade weapon that consisted of a lock tied onto a belt found at the scene of the incident that was used in the assault. Coonce was ordered to stop fighting which he refused. The guard then drew his weapon, a M-16 rifle, chambered a round into his weapon, and repeated the order to Coonce and the other inmate to stop fighting. At this point, Coonce complied with the order to stop assaulting the inmate;

d. During the defendant Coonce's incarceration in the United States Bureau of Prisons System, the defendant has had numerous violations of prison rules, including the following infractions: (1) Assaulting with Serious Injury; (2) Fighting with Another Person; (3) Threatening Bodily Harm; (4) Engaging in Sexual Acts; (5) Interfering with Security Devices; (6) Destroying Property Over $10,000 in value; (7) Stealing; (8) Assaulting without Serious Injury; (9) Possessing Unauthorized Item; (10) Refusing to Obey Orders; (11) Being Insolent to Staff Member; (12) Lying or False Statement; (13) Being in an Unauthorized Area; (14) Giving or Accepting Money without Authorization; (15) Interfering with Staff; and (16) Tattooing;

e. Coonce made statements that he would have killed another person if Victor Castro-Rodriguez had not been available to kill.

ii. Committed conduct suggesting a grave indifference to human life;

iii. Shown lack of remorse in death of Victor Castro-Rodriguez;

iv. Acted to obstruct justice or to retaliate against Victor Castro-Rodriguez because of Victor Castro-Rodriguez's assistance to prison officials and guards in reporting inmate misconduct and in physical altercations between inmates and prison guards.

2. As to defendant, **CHARLES MICHAEL HALL**, if the defendant is convicted of Count One, the government will seek to prove the following factors as the basis for imposition of the death penalty.

**A.** **Statutory Proportional Factors Enumerated Pursuant to Title 18 U.S.C., Section 3591(a)(2)(A)-(D)**

i. Was more than 18 years of age at the time of this offense [18 U.S.C. § 3591(a)];

ii. Intentionally killed Victor Castro-Rodriguez [18 U.S.C. § 3591(a)(2)(A)];

iii. Intentionally inflicted serious bodily injury which resulted in the death of Victor Castro-Rodriguez [18 U.S.C. § 3591(a)(2)(B)];

iv. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and Victor Castro-Rodriguez died as a result of the act [18 U.S.C. § 3591(a)(2)(C)];

v. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than a participant of the offense, such that

participation in the act constituted a reckless disregard for human life and Victor Castro-Rodriguez died as a direct result of the act [18 U.S.C. § 3591(a)(2)(D)].

B. **Statutory Aggravating Factors Enumerated Pursuant to Title 18, United States Code, Sections 3592(c)(1) through (16)**

   i. Caused death of Victor Castro-Rodriguez during the commission of another crime, specifically 18 U.S.C., § 1118 (murder by prisoner serving life term) [18 U.S.C. § 3592(c)(1)];

   ii. Committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to Victor Castro-Rodriguez [18 U.S.C. § 3592(c)(6)];

   iii. Committed the offense after substantial planning and premeditation to cause the death of Victor Castro-Rodriguez [18 U.S.C. § 3592(c)(9)];

   iv. Committed offense where Victor Castro-Rodriguez was particularly vulnerable due to infirmity, in this case, mental illness [18 U.S.C. § 3592(c)(11)].

C. **Other, Non-Statutory Aggravating Factors Enumerated Pursuant to Title 18, United States Code, Sections 3593(a)(2)**

   i. Future dangerousness based upon the probability that defendant Charles Michael Hall, would commit criminal acts of violence that would constitute a continuing threat to the lives and safety of others. In addition to the capital offense charged in the Indictment and the statutory and non-statutory aggravating factors alleged in this Notice, Charles Michael Hall has engaged in a continuing pattern of violent conduct, has threatened others with violence, has demonstrated lack of remorse, and/or has demonstrated a low rehabilitative potential, including but not limited to one or more of the following:

      a. Hall is currently serving a 151 month sentence for mailing threatening communications with the intent to extort from the District of Maine, case number 99-CR-00072-DBH, date of conviction November 13, 2000. This case involved a series of telephone bomb threats that Hall, in June of 1999, made against the control tower of the Portland, Maine airport, the summer home of President George H.W. Bush in Maine, and the ATF offices in Portland, Maine. Additionally, from April to June of 1999, Hall sent a series of thirteen letters to the United States Attorney Office for the District of Maine. In the letters, Hall threaten to kill the United States Attorney, threaten to blow up federal government buildings, and also threaten to kill or seriously injure members of the United States Attorney's Office or their families;

      b. Hall is currently serving a 43 month sentence in case number 98-CR-00054-DBH. In this case, Hall sent a series of letters to a United States District Court

        Judge. In the letters, Hall threaten to physically assault the judge, sexually attack the judge's wife and also harm the judge's family. The 151 month sentence in 99-CR-00072-DBH was run consecutively with the 43 month sentence in 98-CR-00054-DBH;

    c. On approximately January 21, 2008, Hall assaulted an inmate at United States Bureau of Prison Center in Rochester, Minnesota, by striking him in the face with his closed fists, while attempting to get the inmate in a headlock. Hall stated later that his intention was not to simply strike the inmate but to kill him by strangulation;

    d. During the defendant Hall's incarceration in the United States Bureau of Prisons System, the defendant has had numerous violations of prison rules, including the following infractions: (1) Possessing a Hazardous Tool; (2) Fighting; (3) Assault without Serious Injury; (4) Possessing Unauthorized Items (5) Insolence; (6) Giving or Accepting Money without authorization; (7) Smoking in Unauthorized Area; (7) Phone Abuse Non-Criminal; (8) Refusing Work Assignment, and (9) Tattooing or Self Mutilation;

    e. Hall made statements that he would have killed another person if Victor Castro-Rodriguez had not been available to kill;

    f. Hall's statements in a August 12, 2010, letter to the Assistant United States Attorney assigned to this case. In the letter, Hall wrote "the only thing that will stop me from killing again is to put me to death. That will not be limited to inmate, but staff as well. I just want to make myself clear on this issue. I will continue killing every chance I get."

ii. Committed conduct suggesting a grave indifference to human life;

iii. Shown lack of remorse in death of Victor Castro-Rodriguez;

iv. Acted to obstruct justice or to retaliate against Victor Castro-Rodriguez because of Victor Castro-Rodriguez's assistance to prison officials and guards in reporting inmate misconduct and in physical altercations between inmates and prison guards.

Respectfully submitted,

Beth Phillips
United States Attorney

By   */s/ Randall D. Eggert*

Randall D. Eggert, Bar No. 39404
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
417- 831-1040

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case, and I hereby certify that I have mailed by United States Postal Service the foregoing documents to any non-CM/ECF participants in this case.

*/s/ Randall D. Eggert*

Randall D. Eggert
Assistant United States Attorney