# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 10-03029-02-CR-S-GAF |
| | ) | |
| **CHARLES MICHAEL HALL**, | ) | |
| Defendant. | ) | |

## GOVERNMENT RESPONSE IN OPPOSTION TO DEFENDANT HALL'S REQUEST FOR DETAILED DISCLOSURE OF PROPOSED FUTURE DANGEROUSNESS INFORMATION (D.E. 292)

**COMES NOW** the United States of America, by the United States Attorney for the Western District of Missouri, by and through the undersigned Assistant United States Attorney, and asks this Court to deny the defendant Hall's *Request for Detailed Disclosure of Proposed Future Dangerousness Information, with Suggestions in Support* for the following reasons.

## I. BACKGROUND

On July 19, 2011, the federal grand jury returned a superseding indictment for the defendant and co-defendant Wesley Paul Coonce, Jr., for the murder of Victor Castro-Rodriguez at the Federal Medical Center for Prisoners in Springfield, Missouri. (D.E. 59.)[1] On July 22, 2011, the government filed its notice of intent to seek the death penalty against both the defendant and his co-defendant. (D.E. 62.) Among the aggravating factors set forth in the notice, the government asserted the non-statutory future dangerousness aggravator, stating-

i. Future dangerousness based upon the probability that defendant Charles Michael Hall, would commit criminal acts of violence that would constitute a continuing threat to the lives and safety of others. In addition to the capital offense charged in the Indictment and the statutory and non-statutory aggravating factors alleged in this Notice, Charles Michael Hall has engaged in a continuing pattern of violent conduct, has threatened

---

[1] "D.E." refers to entries in the criminal docket in case no. 10-03029-02-CR-S-GAF.

others with violence, has demonstrated lack of remorse, and/or has demonstrated a low rehabilitative potential, including but not limited to one or more of the following:

a.  Hall is currently serving a 151 month sentence for mailing threatening communications with the intent to extort from the District of Maine, case number 99-CR-00072-DBH, date of conviction November 13, 2000. This case involved a series of telephone bomb threats that Hall, in June of 1999, made against the control tower of the Portland, Maine airport, the summer home of President George H.W. Bush in Maine, and the ATF offices in Portland, Maine. Additionally, from April to June of 1999, Hall sent a series of thirteen letters to the United States Attorney Office for the District of Maine. In the letters, Hall threaten to kill the United States Attorney, threaten to blow up federal government buildings, and also threaten to kill or seriously injure members of the United States Attorney's Office or their families;

b.  Hall is currently serving a 43 month sentence in case number 98-CR-00054-DBH. In this case, Hall sent a series of letters to a United States District Court Judge. In the letters, Hall threaten to physically assault the judge, sexually attack the judge's wife and also harm the judge's family. The 151 month sentence in 99-CR-00072-DBH was run consecutively with the 43 month sentence in 98-CR-00054-DBH;

c.  On approximately January 21, 2008, Hall assaulted an inmate at United States Bureau of Prison Center in Rochester, Minnesota, by striking him in the face with his closed fists, while attempting to get the inmate in a headlock. Hall stated later that his intention was not to simply strike the inmate but to kill him by strangulation;

d.  During the defendant Hall's incarceration in the United States Bureau of Prisons System, the defendant has had numerous violations of prison rules, including the following infractions: (1) Possessing a Hazardous Tool; (2) Fighting; (3) Assault without Serious Injury; (4) Possessing Unauthorized Items (5) Insolence; (6) Giving or Accepting Money without authorization; (7) Smoking in Unauthorized Area; (7) Phone Abuse Non-Criminal; (8) Refusing Work Assignment, and (9) Tattooing or Self Mutilation;

e.  Hall made statements that he would have killed another person if Victor Castro-Rodriguez had not been available to kill;

f.  Hall's statements in a August 12, 2010, letter to the Assistant United States Attorney assigned to this case. In the letter, Hall wrote "the only thing that will stop me from killing again is to put me to death. That will not be limited to inmate, but staff as well. I just want to make myself clear on this issue. I will continue killing every chance I get."

(D.E. 62.)

2

On February 11, 2013, the defendant filed a motion seeking, "immediately, a detailed accounting of the information which it [the government] intends to present in support of its pled aggravating factor or 'future dangerousness', including the name of each witness and a detailed summary of the testimony which will be offered by each such witness, as well as copies of any documents to be relied upon in such presentation." (Defendant's motion at 5.) The government would ask that the defendant's motion be denied.

## II. ARGUMENT

Title 18, United States Code, Section 3593(a)(2) requires the government to sign and file with the court, and serve on the defendant in a "reasonable time before trial" a notice "setting forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death." "The FDPA and the Constitution require that the defendant receive adequate notice of the aggravating factor . . . not notice of the specific evidence that will be used to support it." *United States v. Higgs*, 353 F.3d 281, 325 (4th Cir. 2003) (citing 18 U.S.C.A. § 3593(a) (requiring only that the government's notice "set[ ] forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death"); *United States v. Battle,* 173 F.3d 1343, 1347 (11th Cir.1999) (observing that notice given to a defendant of the applicable aggravating factors in a death penalty case is not the same as notice of the specific evidence that the government intends to present at a sentencing hearing), *cert. denied,* 529 U.S. 1022, 120 S.Ct. 1428, 146 L.Ed.2d 318 (2000); *cf. Gray v. Netherland,* 518 U.S. 152, 167–68, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (noting that there is no constitutional right to advance notice of the government's evidence in aggravation at a capital sentencing hearing)). The government has more than met its burden of disclosure in this case with its notice regarding the future dangerousness aggravating factor.

3

The defendant has been given notice of the government's intention to seek the death penalty and specific notice of the aggravating factors upon which it intends to rely. The notice actually provides defendant with far more detail than is legally required. In his motion, he asks the Government to plead not only the notice but to also produce additional details, evidence, witnesses and documents which would be more equivalent to interrogatories under the Federal Rules of Civil Procedure. The defendant's request is beyond the scope of what the government should be required to provide and should be denied.

It should be noted that when a defendant believes that the government's pleadings do not put him on adequate notice of the charges that he is facing, the remedy is to seek a bill of particulars. The purposes of a bill of particulars is:

> [To] inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Ayers*, 924 F. 2d 1468, 1483 (9th Cir. 1991) (quoting *United States v. Giese,* 597 F.2d 1170, 1180 (9th Cir.); *United States v. Birmley,* 529 F.2d 103, 108 (6th Cir.1976)), *cert. denied,* 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979)). A bill of particulars, however, is not a proper tool for discovery, and it is not to be used to provide detailed disclosure of the government's evidence at trial. *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993) (citing *United States v. Hester,* 917 F.2d 1083, 1084 (8th Cir.1990); *United States v. Automated Medical Laboratories, Inc.,* 770 F.2d 399, 405 (4th Cir.1985)); *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) (a bill of particulars is not a device to obtain disclosure of evidentiary details or the government's legal theories); *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980); cert. denied, 449 U.S. 1015 (1980). Similarly, it is not a proper purpose of a bill of

particulars to inquire into the government's legal or evidentiary theories regarding the means by which the defendant committed the aggravating circumstance. A bill of particulars should not be granted where it is intended to provide the defendant with details of the government's case against him in advance of trial, *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978), cert. denied, 439 U.S. 819 (1978); or to compel the disclosure of a government witness list, *United States v. Little*, 562 F.2d 578, 581 (8th Cir. 1977); *United States v. Largent*, 545 F.2d 1039, 1043-44 (6th Cir. 1976), cert. denied, 429 U.S. 1098 (1977); or to limit the evidence which may be presented at trial or evidence of which the government may be unaware at the time of the court's decision on a motion for a bill of particulars. Indeed, a bill of particulars is only necessary where the defendant lacks the details needed to avoid prejudicial surprise and to prepare his defense. Wright, *Federal Practice and Procedure*, Section 129 at 436 (1982). The defendant is not faced with such a need.

It appears that the defendant is seeking to obtain more information than even a bill of particulars would provide. His request is akin to interrogatories under the Federal Rules of Civil Procedure. It appears from the defendant's request, that he also seeks to use this motion to limit the government's ability to present proof that it may develop as the trial approaches. The defendant cannot do this either through a bill of particulars or a request for "detailed disclosure," as he calls it. As stated in *United States v. Malinsky*, 19 F.R.D. 426, 428 (S.D.N.Y. 1956):

> The purpose of a bill of particulars is to inform the defendant as to the crime for which he must stand trial, not to compel the disclosure of how much the government can prove and how much it cannot nor to foreclose the government from using proof it may develop as the trial approaches.

*Id.* (emphasis added).

The government has formally noticed the defendant of its intention to seek the death penalty and the notice is more than sufficient to protect the defendant against the danger of

5

prejudicial surprise.  In addition, the government has provided defendant with extensive discovery material.  It is clear that the notice, together with the voluminous discovery information already provided, suffices to protect the defendant against the danger of unfair surprise.  The specificity of the notice and the government's disclosure gives defendant sufficient information about the aggravating circumstances to enable him to prepare a defense. Weighing against the defendant's motion is the significant detriment to the government caused by his request, in that it would strictly limit the government's proof at trial. *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965) ("When a bill of particulars has been furnished, the government is strictly limited to the particulars which it has specified, i.e., the bill limits the scope of the government's proof at the trial").  Such a restriction is unnecessary in this case because defendant has not demonstrated a need for the request detailed disclosure.  More importantly, defendant's request essentially seeks to use his request for the purpose of discovery, the one purpose for which all cited authority agrees it should not be used.

     The government is aware of its continuing duty under the discovery rules, *Brady v. Maryland*, and its notice requirements under 18 U.S.C. § 3593.  The government will continue to comply fully with these and any other disclosure requirements.  However, the government is concerned that granting this motion, in spite of the government's good faith in meeting its notice and discovery obligations, could result in foreclosing the government from presenting relevant evidence during the penalty phase.  Accordingly, the government urges the court to deny the defendant's request insofar as it exceeds Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3593, and *Brady v. Maryland*, 373 U.S. 83 (1963).

## III. CONCLUSION

WHEREFORE, for the above mentioned reasons, the Government requests that the Court deny the defendant's *Request for Detailed Disclosure of Proposed Future Dangerousness Information, with Suggestions in Support.*

    Respectfully submitted

    TAMMY DICKINSON
    United States Attorney

By    */s/ Gary Milligan*

    Gary Milligan
    Assistant U.S. Attorney
    901 St. Louis Street, Suite 500
    Springfield, Missouri 65806

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on March 25, 2013, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

    */s/ Gary Milligan*
    Gary Milligan
    Assistant United States Attorney